UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ERIC BENSON SKEENS, | |
| Petitioner, | |
| v. | CAUSE NO.: 3:21-CV-692-DRL-MGG |
| WARDEN, | |
| Respondent. | |

## ORDER

Eric Benson Skeens, a prisoner without a lawyer, moves for appointment of counsel. (ECF 4.) A state prisoner pursuing federal habeas relief is entitled to counsel when he is under a death sentence, which Mr. Skeens is not. *See* 18 U.S.C. § 3599(a)(2); *McFarland v. Scott*, 512 U.S. 849, 855 (1994). Counsel must also be appointed in a habeas case when the court holds an evidentiary hearing to resolve the petition. Rule 8(c) of the Rules Governing Section 2254 Cases. No evidentiary hearing has been scheduled in this case.

Therefore, whether to appoint counsel is purely a discretionary matter. *See* 18 U.S.C. § 3006A(a)(2)(B); *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997); *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). The court will abuse its discretion in declining to appoint counsel only "if, given the difficulty of the case and the litigant's ability, [the petitioner] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have had a reasonable chance of winning with a lawyer at his side." *Winsett*, 130 F.3d at 281 (citation omitted).

This case is only in the very early stages, and at present it is difficult to assess whether Mr. Skeens meets this standard. He does not detail his educational level in the motion, but his filings to date have been detailed, neatly presented, and show that he is capable of making cogent arguments in support of his position. He states that he is concerned about his "ability to depose eyewitnesses" and present testimony, but there is no indication that depositions will be conducted in this case. This case is not governed by the usual rules of federal civil procedure, but by the stringent rules of the Anti-Terrorism and Effective Death Penalty Act, which do not permit discovery or hearings in the ordinary course. His motion will be denied, but may renewed if the case proceeds to briefing. Any renewed motion should outline his education level, litigation history, and the specific steps he has taken to obtain counsel on his own.

For these reasons, the motion for appointment of counsel (ECF 4) is DENIED WITHOUT PREJUDICE as stated in this order.

SO ORDERED on September 21, 2021

> s/Michael G. Gotsch, Sr.
> Michael G. Gotsch, Sr.
> United States Magistrate Judge