UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ERIC BENSON SKEENS,

        Petitioner,

v.                                         CAUSE NO. 3:21-CV-692 DRL-MGG

WARDEN,

        Respondent.

## ORDER

Eric Benson Skeens, a prisoner without a lawyer, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his child molestation conviction in Huntington County. Upon review, his filing is difficult to parse and is not on the court's approved prisoner habeas corpus form. He must file an amended petition on the court's approved form **(AO 241 (Rev. 9/17) (Conviction, INND Rev. 2/20)**, which is available in his prison's law library. He must answer every question on the form to the best of his ability, provide the relevant dates for all of his state court filings to the extent he has this information, and clearly explain the basis for each of his claims.

Mr. Skeens also moves for leave to proceed *in forma pauperis*. In his motion, he says he earns $30.00 per month from prison employment. The court concludes that he has sufficient funds to pay the $5.00 filing fee and is not eligible to proceed *in forma pauperis*.[1] The motion will be denied.

---

[1] Mr. Skeens acknowledges in another filing that he "is able to pay the nominal fee for this action." (ECF 4 at 2.)

Mr. Skeens also moves to "expand the record" with materials he believes are relevant to his claims. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) permits the court to expand the record in a habeas case in only very narrow circumstances. 28 U.S.C. § 2254(e)(2); *see also Boyko v. Parke*, 259 F.3d 781, 789-90 (7th Cir. 2001) (observing that a federal habeas court's ability to hold an evidentiary hearing to supplement the record is "severely circumscribed"). A habeas petitioner is entitled to a hearing to develop the factual basis for his claim only when his factual allegations "if true, would entitle [him] to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief," the court is not required to hold a hearing to expand the record. *Id*. Additionally, the record may not be expanded if the factual predicate for the claim could have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2254(e)(2)(A).

This case is still in the preliminary stages, and Mr. Skeens has not yet filed a petition that passes screening under Rule 4 of the Rules Governing Section 2254 Cases. Nor has he resolved his fee status. If he pays the filing fee and files a petition that passes screening, the respondent must be given an opportunity to respond to it. The respondent may assert procedural defenses that preclude relief on the merits. Therefore, it would be premature to permit him to develop additional facts in support of his petition at this stage. The request will be denied today; but, if the case proceeds to briefing, Mr. Skeens may renew his request. Any renewed motion must address whether he meets the requirements of *Schriro* and 28 U.S.C. § 2254(e)(2)(A).

For these reasons, the court:

(1) STRIKES the petition (ECF 1);

(2) DENIES the motion to proceed *in forma pauperis* (ECF 2);

(3) DENIES WITHOUT PREJUDICE the motion to expand the record (ECF 3);

(4) GRANTS the petitioner until **October 22, 2021**, to pay the $5.00 filing fee **and** file an amended habeas corpus petition on the appropriate form; and

(5) CAUTIONS him that if he does not respond by the deadline, this case is subject to dismissal without further notice for failure to prosecute.

SO ORDERED.

September 21, 2021               *s/ Damon R. Leichty*
                                 Judge, United States District Court