# IN THE INDIANA COURT OF APPEALS

## APPELLATE CASE NO. 20A-PC-00686

| | | |
|---|---|---|
| ERIC SKEENS, | ) | Huntington Circuit Court |
|    Appellant, | ) | |
| | ) | No. 35C01-1101-PC-4 |
| vs. | ) | |
| | ) | |
| STATE OF INDIANA | ) | The Honorable |
|    Appellee | ) | Gavin G. Smith, Judge |

### REPLY BRIEF OF APPELLANT

CYNTHIA CARTER

Counsel for the Appellant
Law Office of Cynthia M. Carter, LLC
212 W. 10th Street Ste. D-320
Indianapolis, Indiana 46202
P: (317) 955-7997
F: (317) 454-0710
AttorneyCarter@cynthiamcarterlaw.com

## **Table of Contents**

Summary of the Argument.................................................................................. 4

Argument............................................................................................................ 5

I. Whether the court proceedings violated the Fourteenth Amendment right to Due Process and *Brady v. Maryland* when false testimony by the State's Agent, then-detective Melbourne Hunnicutt, led to a critical and outcome determinative discovery violation............................................ 5

II. Whether trial counsel, Richard Thonert, failed to properly represent Skeens during pre-trial and trial proceedings and violated the Sixth Amendment and prevented a fair trial when trial counsel did not properly investigate the case, did not properly cross-examine the witnesses, did not secure exculpatory evidence, and did not properly object to the sexual assault nurse examiner (SANE) providing expert testimony despite the fact the defense received no discovery concerning studies to which the SANE testified……………………………………….. 9

III. Whether appellate counsel, Jeremy Nix, failed to properly represent Skeens in his direct appeal and thereby violated the Sixth Amendment right to counsel and prejudiced the outcome of the proceedings resulting in the conviction being upheld………………………………………………. 12

Conclusion ........................................................................................................ 12

# Table of Authorities

**Cases**

*Brady v. Maryland*, 373 U.S. 83 (1963)..................................................... *Passim*

*Brummett v. State*, 24 N.E.3d 965 (Ind. 2015)............................................ 9

*Cone v. Bell*, 129 S.Ct. 1769 (2009)............................................................ 7

*Crawford v. State*, 948 N.E.2d 1165 (Ind. 2011)........................................ 8

*Durden v. State*, 99 N.E.3d 645 (Ind. 2018)............................................... 5

*In re WTHR-TV*, 693 N.E.2d 1 (Ind. 1998)................................................ 9

*Pavel v. Hollins*, 261 F.3d 210 (2d Cir. 2001)............................................ 10

*Strickland v. Washington*, 466 U.S. 668 (1984)......................................... 6, 7

*Sullivan v. Louisiana*, 508 U.S. 275 (1993)................................................ 5

*Weaver v. Massachusetts*, — U.S. —, 137 S.Ct. 1899 (2017).................... 6

*Wharton v. State*, 42 N.E.3d 539 (Ind. Ct. App. 2015).............................. 11

*Whitaker v. Becker*, 960 N.E.2d 111 (Ind. 2012)....................................... 9

**Trial Rules**

Trial Rule 26................................................................................................. 9, 10

## Summary of the Argument on Appeal

On numerous occasions, the State incorrectly argues that Skeens did not stake out his arguments in his PCR Petition. Those arguments fail to understand that Skeens *supplemented* his *pro se* petition with his Amended PCR Petition.

As for the *Brady* violation committed by then-Detective Hunnicutt, the State makes many of Skeens' arguments for him by reciting a laundry list of actions that trial and appellate counsel could have taken regarding Detective Hunnicutt's incorrect testimony and its impact on Skeens' ability to mount a defense.

Additionally, trial counsel's failures concerning discovery of Mother's computers deserve consideration—they were not a fishing expedition, regardless of the State's repetitious use of that phrase. Skeens has specifically identified what he sought, and what it could contain. Further, trial counsel failed to call any witnesses on Skeens' behalf, neglected to preserve the computer discovery issue for appeal, and did nothing in regards to the Sexual Assault Nurse Examiner's testimony.

The State also improperly tries to shift blame between Skeens' trial counsel and appellate counsel. But regardless, the State fails to dig into the merits of Skeens' arguments about appellate counsel's deficient performance

4

in failing to use the *Davis-Hatton* procedure concerning the computer discovery issue.

## Argument

I. **Whether the court proceedings violated the Fourteenth Amendment right to Due Process and Brady v. Maryland when false testimony by the State's Agent, then-detective Melbourne Hunnicutt, led to a critical and outcome-determinative discovery violation.**

The State incorrectly interprets much of Skeens' argument concerning a *Brady* violation. But the State's contentions are misguided, as Skeens amended his Petition for Post-Conviction Relief so that his *Brady* claims were brought "under the umbrella of the Sixth Amendment . . . ." App. Vol. II, pp. 114-15. To the extent the Appellant's Brief did not make that clear, that issue is now resolved. In any event, Skeens' Appellant Brief did raise this argument: "Either Trial Counsel was wrong for not properly preserving the Due Process argument or Appellate Counsel was wrong for not properly raising it or the State's commission, whether deliberate or inadvertent, of the discovery violation [*Brady* violations] abridged Mr. Skeens' right to Due Process." Brief of Appellant at 22.

Therefore, the State's discussion concerning procedural default is inapplicable. *See Brief of Appellee at 25*. This Court can and should consider Skeens' claim concerning structural error, which is appropriate when "the precise effect of the violation cannot be ascertained." *Durden v. State*, 99 N.E.3d 645, 653 (Ind. 2018) (citing *Sullivan v. Louisiana*, 508 U.S. 275

Reply Brief of Appellant, Eric Skeens

(1993); *Weaver v. Massachusetts*, — U.S. —, 137 S.Ct. 1899, 1908 (2017)).

Such is the case here, where Skeens was prohibited from acquiring potentially exculpatory discovery—specifically a computer that could have contained pornography that explained K.W.'s age-inappropriate knowledge of sex-related acts.

In any event, the State makes Skeens' *Brady*-within-*Strickland* arguments for him, reciting a laundry list of opportunities that Skeens' trial counsel had to correct the *Brady* violation at trial:

- The statement would have necessarily been provided to the defense during pre-trial discovery as it was listed by the State as a potential exhibit (DA App. Vol. I 112).
- PCR Exhibit Eight is a transcript of a conversation between Petitioner and his counsel approximately a month before the discovery hearing. Therein, trial counsel referred to K.W.'s statements "on the tape" and questioned Petitioner about the accuracy of K.W.'s statement (PCR Ex. 8 at 2, 11).
- PCR Exhibit Eight also shows that Petitioner had reviewed the statement as he tells his counsel "everything she said" on the DVD "was false" (PCR Ex. 8 at 11). Petitioner also later told the probation officer preparing his PSI that K.W.'s statement showed he was innocent (DA App. III. 357).
- Petitioner had a transcript of K.W.'s statement during the PCR hearing (PCR Tr. Vol. III 99).
- Petitioner admits on appeal that his trial counsel "should have known the testimony Hunnicutt gave was false" (Appellant Br. 27).
- At trial, K.W. again stated that Petitioner showed her the pornography in Huntington County (DA Tr. 539-41).

Brief of Appellee at 24.  Indeed, "[t]hus, any claim that Officer Hunnicutt misstated K.W.'s statement could have been raised in a motion to reconsider the denial of discovery, at trial, or on direct appeal." Brief of Appellee at 25.

6

Reply Brief of Appellant, Eric Skeens

Trial counsel and appellate counsel's failures to do so alone constitute deficient performance under *Strickland v. Washington*, 466 U.S. 668 (1984).

Nor was Officer Hunnicutt "merely misstating" K.W.'s forensic statement. Brief of Appellee at 24. Instead, it prevented Skeens from acquiring evidence "favorable to the accused." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The State concedes that Officer Hunnicutt's "misstatement" was the sole, direct, and proximate cause for the trial court's denial of the non-party discovery request. Brief of Appellee at 24. As the U.S. Supreme Court observed in *Cone v. Bell*, "[w]hen the State withholds from a criminal defendant evidence that is material to his guilt or punishment, it violates his right to due process of law in violation of the Fourteenth Amendment." 129 S.Ct. 1769, 1782 (2009). The State correctly notes that K.W.'s mother admitted that she watched pornography on her computer, and that K.W. had access to that computer. Brief of Appellee at 27. But that was not the "grave peril" to which Skeens was subjected: the simple fact is that Mother had two computers, neither of which law enforcement analyzed, and when Skeens attempted to acquire those computers to do so to find exculpatory evidence, he was denied, entirely because of Officer Hunnicutt's incorrect testimony. PCR Exhibit 8; Brief of Appellant at 15-20.

The State should now be estopped from arguing that its agent's misrepresentation cannot be brought to light. Detective Hunnicutt

7

misrepresented a critical fact that he had full knowledge of when uttered. The State should have, but still cannot, take responsibility.

Having been caught with their hand in the cookie jar, the State has shifted its argument to have Skeens disprove a negative. Evidence that K.W.'s mother showed K.W. pornography would have been entirely relevant, and material, to the accusations made by K.W. The speculation was not by Petitioner, but rather by the trial court, based on Hunnicutt's false claims. The full extent of what was shown or accessible to K.W., and when, could only be ascertained by examining mother's computer.

Regardless of whether this Court examines the issues surrounding discovery of mother's computers from a strictly Sixth Amendment deficient performance perspective, or as ineffectiveness of counsel with a flavoring of *Brady*, the result remains the same: Skeens was denied evidence that may well have had the effect of exonerating him. Because of that, he is entitled to a new trial.

Reply Brief of Appellant, Eric Skeens

> II. Whether trial counsel, Richard Thonert, failed to properly represent Skeens during pre-trial and trial proceedings and violated the Sixth Amendment and prevented a fair trial when trial counsel did not properly investigate the case, did not properly cross-examine the witnesses, did not secure exculpatory evidence, and did not properly object to the sexual assault nurse examiner (SANE) providing expert testimony despite the fact the defense received no discovery concerning studies to which the SANE testified.

As argued above, trial counsel failed to properly preserve the issues surrounding discovery of mother's computers, and the State's attempts to argue otherwise, Brief of Appellee at 28, cut against their earlier claims. Brief of Appellee at 24. *See Crawford v. State*, 948 N.E.2d 1165, 1168 (Ind. 2011) (discussing non-party request for document production). Simply labeling something as a "fishing expedition" does not make it so. Skeens had identified the what—the two computers he believed could contain exculpatory evidence—in the possession of who—K.W.'s mother—where the computers were located—the home of K.W.'s mother—when K.W. might have seen the pornography—and finally, the why—to uncover evidence that potentially offered an alternative explanation for K.W.'s allegations. *Whitaker v. Becker*, 960 N.E.2d 111, 115 (Ind. 2012) (noting the "purpose of pretrial discovery is to make a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.") (internal citations omitted). *Cf.* Ind. Trial Rule 26(B)(1) ("Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject-matter

9

involved in the pending action . . . It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."). Trial counsel's failure to preserve this issue for appeal waived Skeens' appellate counsel's ability to argue it. *See Brummett v. State*, 24 N.E.3d 965, 966 (Ind. 2015). Trial counsel testified he could not recall deposing any of the State's witnesses. Tr. Vol. III at p. 68. Trial counsel neglected to ask the mother any questions whatsoever on cross-examination and did not raise a continuing objection to the discovery violation concerning the computers when mother admitted to viewing the pornography and that it came from a computer. DA Tr. Vol. II at pp. 485 – 87. In any event, the State has an independent duty to correct known false testimony, and it did not.

Moreover, contrary to what the State argues, evidence of Officer Hunnicutt's work-related discipline is entirely relevant to his incorrect testimony about the location of where K.W. was shown pornography—both involve workplace impropriety and go to the credibility and veracity of the lead detective in the investigation. *See In re WTHR-TV*, 693 N.E.2d 1, 7 (Ind. 1998) (defining "material").

Similarly, the State is wrong about Skeens not claiming that trial counsel should have called J.S.[1] or Dawn Rose—Skeens' original Petition for

---

[1] The State repeatedly calls J.S. a "four-year old." However, he was five years old at the time of the allegations, and six-years old at the time of trial. Pet. Exhibit 1.

10

Reply Brief of Appellant, Eric Skeens

Post-Conviction Relief, which was supplemented by his Amended Petition,[2] states, "20. Trial counsel failed to call any witnesses to testify on my behalf." App. Vol. II, p. 19. This, joined with trial counsel's failure to cross-examine K.W., and his use of damaging phrases during closing argument amounts to deficient performance. *Pavel v. Hollins*, 261 F.3d 210, 216-26, 223, 228 (2d Cir. 2001). Regardless, the State attempts to minimize the impact of what J.S.' testimony would have been by labeling it "small details of the crimes" and "unreliable." The State is not qualified to divine what the impact of a witness' testimony might be on a fact-finder. That judgment is left to the fact-finder.

The State is also incorrect that Skeens did not allege that the trial court improperly allowed expert testimony. App. Vol. II, p. 20. The State again misconstrues Skeens' argument, and again makes Skeens' case for him: Skeens' trial counsel never "availed himself of this [Trial Rule 26] procedure," Brief of Appellee at 40, and "[t]here is simply no evidence suggesting Petitioner ever sought expert discovery pursuant to Trial Rule 26." *Id*. This failure on trial counsel's part constitutes deficient performance, which prejudiced Skeens.

Moreover, the State cites to multiple cases to apparently explain away trial counsel's failure to depose the SANE, move to suppress the testimony, or at least object to it. Brief of Appellee at 42. General statistics, however, do

---

[2] On numerous occasions, the State incorrectly asserts that Skeens' contentions on appeal differ from his original PCR Petition. But the State neglects to realize that his Amended Petition only supplemented his *pro se* Petition: "The following additional facts supplement the facts alleged in ¶9 of the *pro se* Petition." App. Vol. II, p. 117; 121.

11

Reply Brief of Appellant, Eric Skeens

not decide individual cases.  Whatever the case may be, some, or even most, of the time, has no bearing on what the actual facts were in this matter.

### III. Whether appellate counsel, Jeremy Nix, failed to properly represent Skeens in his direct appeal and thereby violated the Sixth Amendment right to counsel and prejudiced the outcome of the proceedings resulting in the conviction being upheld.

Yet again, the State ignores that Skeens did raise these issues in his Petition for Post-Conviction Relief.  App. Vol. II, p. 27.  In effect, what the State tries to do is shift the blame among Skeens' trial and appellate counsel, at some points suggesting that trial counsel should have done more, yet on the same issue, arguing that appellate counsel was to blame.  Additionally, the State virtually ignores Skeens' points raised in his Brief of Appellant regarding the *Davis-Hatton* procedure.  When a party "presents no arguments as to the merits," reviewing courts act as though "no appellee's brief was filed." *Wharton v. State*, 42 N.E.3d 539, 541 (Ind. Ct. App. 2015).

## Conclusion

For these reasons, Eric Skeens respectfully requests this Court reverse the ruling of the Post-Conviction Court and Order a new trial.

Respectfully submitted,

/s/ Cynthia Carter
Cynthia Carter
Attorney No. 23305-49

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Reply Brief of Appellant was served by electronic filing through the IEFS upon Attorney General Curtis Hill on this 9th day of October, 2020.

/s/ Cynthia Carter
Cynthia Carter
Attorney No. 23305-49


Cynthia Carter