IN THE
INDIANA SUPREME COURT
CAUSE NO. _____

INDIANA COURT OF APPEALS
CAUSE NO. 20A-PC-00686

| | |
|---|---|
| Eric Benson Skeens<br>Appellant | Appeal From Huntington Circuit Court |
| v. | Cause No. 35C01-1101-PC-00004 |
| State of Indiana<br>Appellee | Hon. Davin G. Smith, Judge |

Petition To Transfer

Eric Benson Skeens
Appellant, pro se
Indiana State Prison
1 Park Row
Michigan City, IN 46360

1

# Questions Presented on Transfer

1. Whether the court proceedings violated the Fourteenth Amendment right to Due Process and Brady v. Maryland when false testimony by the State's agent, then-detective Melbourne Hunnicutt, led to a critical and outcome determinative discovery violation.

2. Whether trial counsel, Richard Thonert, failed to properly represent Skeens during pre-trial and trial proceedings and violated the Sixth Amendment and prevented a fair trial when trial counsel did not properly investigate the case, did not properly cross-examine the witnesses, did not secure exculpatory evidence, and did not properly object to the sexual assault nurse examiner (SANE) providing expert testimony despite the fact the defense received no discovery concerning studies to which the SANE testified.

3. Whether appellate counsel, Jeremy Nix, failed to properly represent Skeens in his direct appeal and thereby violated the Sixth Amendment right to counsel and prejudiced the outcome of the proceedings resulting in the conviction being upheld.

2

# Table of Contents

Question Presented on Transfer —————————————— 2

Table of Contents ————————————————————— 3

Background and Prior Treatment of Issues on Transfer —— 4

Argument ——————————————————————————— 6

Conclusion ——————————————————————————— 10

Certificate of Service ———————————————————— 10

## Background and Prior Treatment of Issues on Transfer

1. On July 23, 2009, a jury found Skeens guilty as charged of 4 Class A felonies and 1 Class C felony of Child Molesting.
2. On August 31, 2009, the trial court sentenced Skeens to 45 years each on each of the first four counts and to seven years on Count 5 and ran all sentences consecutively for an aggregate sentence of 187 years. Id.
3. Skeens appealed, and on August 25, 2010, a panel of the Court of Appeals affirmed his convictions and determined the trial court did not abuse its discretion in determining the aggravating and mitigating factors at sentencing. The Court found that the 187-year sentence was inappropriate in light of the nature of the offence and the character of the offender and reduced the aggregate sentence to 90 years. App. Vol. III at 66.
4. Skeens sought transfer to the Indiana Supreme Court, and, on November 3, 2010, the Court declined to accept transfer.
5. On January 27, 2011, Skeens filed a pro se Petition for Post-Conviction Relief. App. Vol. II at 16-35.
6. On February 1, 2011, the State filed its Answer to the pro se Petition for Post-Conviction Relief. Id. at 37-38
7. On November 30, 2018, Skeens, by counsel, filed his first amended Petition for Post-Conviction Relief. Id at 112-122
8. On December 28, 2018, the State filed its Answer to the first amended Petition for Post-Conviction Relief. Id. at 129-130
9. On July 23, 2019, Skeens filed his verified Second Motion to Amend Petition for Post-Conviction Relief. Id. at 198-206.

4

10. On August 6, 2019, the State filed its Answer to the Second amended Petition for Post-Conviction Relief. App. Vol. III at 7.
11. The trial court conducted hearings in the post-conviction case on April 30, 2019; August 13, 2019; and September 24, 2019. Id. at 67
12. The trial court, upon agreement of the parties, took judicial notice of the contents of the underlying trial file (Cause No. 35C01-0812-FA-73) as well as the contents of the trial court's post-conviction file. Tr. at 36.
13. On December 17, 2019, the trial court issued its findings of fact and conclusions of law denying post-conviction relief. App. Vol. III at 61-87
14. On January 16, 2020, Skeens, by Counsel, filed a Motion to Correct Errors. Id. at 85-89
15. On February 21, 2020, the trial court denied the Motion to Correct Errors. Id. at 94
16. On March 20, 2020, Skeens filed his Notice of Appeal.
17. On August 10, 2020, Skeens, by counsel filed a Brief of Appellant in the Indiana Court of Appeals.
18. On September 9, 2020, the State filed a Brief of Appellee.
19. On October 9, 2020, Skeens, by counsel filed a Reply Brief of Appellant.
20. On November 30, 2020, the Indiana Court of Appeals affirmed the judgement of the post-conviction Court.

Argument

1. The trial proceedings violated the Fourteenth Amendment right to Due Process and Brady v. Maryland when false testimony by the State's agent, then-detective Melbourne Hunnicutt, led to a critical and outcome determinative discovery violation.

    On March 5, 2009, Trial Counsel filed a Non-Party Motion to Produce. See Pet. Ex. 1 (see specifically App. at pp. 52-54). The purpose of that motion was to obtain access to computers from K.W.'s home that were shared by K.W. and her mother. Id. On March 31, 2009, the Judge issued an order which, in pertinent part, read as follows: Hunnicutt indicated that the search warrant obtained relating to defendant's computers had to do with the Kosciusko County case, and not the matter before the Court. The defendant's motion to produce is therefore denied. Id. at p. 86.

    The State concedes that Officer Hunnicutt's "misstatement" was the sole, direct, and proximate cause for the trial court's denial of the non-party discovery request. Brief of Appellee at 24.

    Because K.W. described pornographic movies being shown to her in Huntington County, the Motion should have been granted. Hunnicutt's false testimony affected the Court's ruling and was extremely prejudicial to Skeens's case.

    Appellate Counsel, Mr. Nix, failed to include all of the hearings in the Record of Proceedings. Tr. at p. 121. In particular, the probable cause/search warrant hearing was not included,

Cf. Pet. Ex. 1 (RoP); Pet. Ex. 2 (Transcript of the Dec. 10, 2008 hearing in the Huntington Superior Court). Failing to raise a structural error cannot be excused as a reasonable strategic decision. Further, counsel cannot make a strategic decision concerning a portion of the transcript he has not reviewed.

Either Trial Counsel was wrong for not properly preserving the Due Process Argument or Appellate Counsel was wrong for not properly raising it or the State's commission, whether deliberate or inadvertent, of the discovery violation abridged Skeens's right to Due Process.

The State did not call its lead detective, Mel Hunnicutt, at trial because he had huge credibility problems. Not only did Hunnicutt provide false testimony at the pre-trial hearings (see supra), he was also in trouble and facing disiplinary action for viewing pornography on the job. Tr. at pp. 144-45. No other detective contacted Hunnicutt and requested he transfer Skeens' file. Trial counsel also did not communicate with Hunnicutt after the disciplinary action. Tr. at pp. 146-147.

The State committed prosecutorial misconduct at the March 30, 2009 "Hearing on Pending Motions" and prevented Skeens from obtaining discoverable and probably even exculpatory evidence. The State first tried to prevent this evidence from being discovered by claiming Trial Counsel was on a fishing expedition, but Trial Counsel overcame that claim [Pet. Ex. 1, see specifically Direct Appeal Tr, Vol. 1 at pp. 87:5-89:13 (pagination as in original paper transcripts)] Upon recognition of this, the State immediately changed its course of action and told the Court this evidence had nothing

7

to do with the Huntington County case [Pet. Ex. 1, see specifically Direct Appeal Tr. Vol. 1 at pp. 89:14-90:22]. The State elicited false testimony from Hunnicutt, and based upon his false testimony the trial court denied Skeens access to the evidence he needed to defend himself. Pet. Ex. 1, see App. at p. 86. Because the State initiated the false testimony that ultimately resulted in Skeens being denied favorable material evidence, the State placed Skeens in a position of grave peril and prevented him from mounting an adequate defense.

2. Trial Counsel, Richard Thonert, failed to properly represent Skeens during pre-trial and trial proceedings and violated the Sixth Amendment and prevented a fair trial when trial counsel did not properly investigate the case, did not properly cross-examine the witnesses, did not secure and present exculpatory evidence, and did not object to the sexual assault nurse examiner (SANE) providing expert testimony despite the fact he had not received discovery concerning studies to which the SANE testified.

Skeens received deficient assistance from Trial Counsel when Mr. Thonert failed to secure the evidence from R.W.'s computers, failed to obtain Hunnicutt's and Faucett's disciplinary records that were contemporaneous with the case at bar, failed to secure and present other exculpatory evidence including J.S.'s testimony and Skeens's former fianceé's testimony, did not confront and cross-examine K.W., and failed to properly object to the SANE providing expert testimony without prior notice.

8

Trial Counsel told the jury "I believe her" in reference to K.W.'s allegations against Skeens. Throughout the defense's closing argument, Mr. Thonert repeatedly used phrases referencing Skeens' guilt. These statements worked in tandem with the State's final (rebuttal) closing argument. Thonert told the jury: "I believe her, it's more likely than not." Tr. at p. 673, Lines 8-9.

Trial Counsel failed to properly prepare for the expert witnesses' testimony and did not adequately preserve his objection to same. Then-presiding Judge Hakes allowed expert testimony to be introduced that was not disclosed prior to trial. According to Indiana Rules of Trial Procedure 26(B)(4) and specifically 26(B)(4)(a)(i), the State was supposed to identify the State's experts, the subject matter upon which the experts were expected to testify and to state the substance of the facts and opinions to which the expert was expected to testify, and to provide the defense a summary of the grounds for each opinion. Sharon Robison and Lynn Baker were never disclosed as experts and without the discovery, Skeens was unable to properly and adequately prepare. Cumulatively the errors prove by a preponderance of the evidence post-conviction relief is appropriate and should be granted.

3. Appellate Counsel, Jeremy Nix, failed to properly represent Skeens in his direct appeal and thereby violated the Sixth Amendment right to counsel and prejudiced the outcome of the proceedings resulting in the conviction being upheld.

Appellate counsel failed to raise the issues that were preserved at trial. He also did not implement the Davis-Hatton procedure to raise ineffective assistance of trial counsel as he was requested to do by Skeens's letter to Appellate Counsel. App. Vol. II at p. 121.

### Conclusion

The mistakes at trial and on appeal, both by the State's agent Hunnicutt and by the attorneys, prejudiced the outcome of the case and prevented Skeens from receiving a fair trial. The convictions should be overturned and the case remanded so that Skeens can have a new and fair trial.

Respectfully Submitted,

*Eric B. Skeens*
Eric B. Skeens
Appellant, pro se

### Certificate of Service

I hearby certify that a true and complete copy of the foregoing Petition to Transfer has been served upon the Indiana Attorney General by First Class United States Mail, postage prepaid, on this 26 day of January 2021.

*Eric B. Skeens*

10