UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ERIC BENSON SKEENS,

    Petitioner,

v.                                               CAUSE NO. 3:21-CV-692-DRL-MGG

WARDEN,

    Respondent.

## ORDER

Eric Benson Skeens, a prisoner without a lawyer, moves to alter or amend the judgment. Given the motion's timing and substance, the court construes it as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). "Rule 59(e) allows a court to alter or amend a judgment only if the [litigant] can demonstrate a manifest error of law or present newly discovered evidence." *Id.* A Rule 59 motion cannot be used to present evidence or make arguments that could have been made before entry of judgment. *Id.* at 494.

Mr. Skeens already filed an appeal of the judgment. Pursuant to Federal Rule of Appellate Procedure 4(a), a party has 30 days from the judgment to file a notice of appeal. However, if a party files a timely motion for relief from judgment pursuant to Federal Rule of Civil Procedure 59, the time for appealing does not begin to run until the court disposes of that motion. Fed. R. App. 4(a)(4)(A)(iv). Where, as here, a party files a notice of appeal after the judgment but before the court rules on the Rule 59 motion, the notice

of appeal becomes effective when the order disposing of the motion is entered. Fed. R. App. 4(a)(4)(B)(i). The court thus has jurisdiction to entertain the motion.

Mr. Skeens argues that this court committed manifest error by ignoring his version of the "facts and evidence" and instead "us[ing] the lower court's arguments." (ECF 23 at 2.) It is not entirely clear what he means, but the court was required by statute to presume the facts set forth by the state court were correct, unless he rebutted this presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). He did not do so. Under the statute, the court's review of the merits of any claim adjudicated by the state court was also highly deferential. *See* 28 U.S.C. § 2254(d). To obtain habeas relief, "[a] petitioner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Hoglund v. Neal*, 959 F.3d 819, 832 (7th Cir. 2020). For the reasons fully explained in the court's opinion, he did not satisfy that standard.

Mr. Skeens alternatively asks that the court grant him a certificate of appealability so that he may "avoid a $500 filing in the 7th Circuit Court," which would cause him "further . . . undue hardship." Granting him a certificate of appealability would not exempt him from paying the appellate filing fee; it would merely allow his appeal to proceed. *See* 28 U.S.C. § 2253(c)(1). Furthermore, to obtain a certificate of appealability, a habeas petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons previously outlined, Mr. Skeens did not meet this standard. His claims are not

cognizable on federal habeas review, are procedurally defaulted, or are without merit under applicable standards.[1] Nothing in his motion warrants a different ruling.

For these reasons, the motion (ECF 23) is DENIED.

SO ORDERED.

June 3, 2022                                                       *s/ Damon R. Leichty*
                                                                   Judge, United States District Court

---

[1] The Supreme Court's recent opinion in *Shinn v. Ramirez*, No. 20-1009, 2022 WL 1611786 (U.S. May 23, 2022), decided after the petition was resolved, lends further support for the court's conclusion that Mr. Skeens was not entitled to an evidentiary hearing to develop facts related to claim one.